FRANK N. BOWLES ET AL. v. PINK WOOD.

[44 South., 169.]

1. PARTITION. *Solicitor's fees. Code 1906, § 3542; Code 1892, § 3119.*

In an action for partition, where defendant's employment of a separate solicitor was essential to the protection of his rights, the court should not, under Code 1892, § 3119; Code 1906, § 3542, regulating the subject, charge defendant's interest in the land with any part of complainant's solicitor's fees.

2. SUPREME COURT. *Argument before special judge. Decision after his retirement.*

The losing party cannot claim that he was wronged because his case, argued in the absence of the chief justice before the other two judges of the supreme court and a special judge, was decided after the return of the chief justice to and the retirement of the special judge from the bench, although the chief justice delivered the opinion in the case and the two regular judges who heard the argument merely concurred.

FROM the chancery court of Leflore county.

HON. PERCY BELL, Chancellor.

Mrs. Wood, the appellee, was complainant in the court below, and Bowles and others, the appellants, were defendants

there. From a decree ordering a partition of lands the defendant, Bowles, appealed, and, because a solicitor's fee was charged against the share of Mrs. Phelan, one of the defendants, as well as against the shares of the other parties in interest, she prosecuted a cross-appeal.

The suit was for partition of lands and for an accounting. for rents. The opinion of the court states the facts.

*S. R. Coleman,* for appellant.

It is incompetent to show by parol evidence the agreement whereby Jones & Son held the title to the property under their purchase at the execution sale. When the evidence of a resulting trust depends upon parol proof, it must be clear, strong, unequivocal and unassailable, and must establish the fact of the payment by the beneficiary beyond a reasonable doubt. *Miazza* v. *Yerger,* 53 Miss., 135; *Grayson* v. *Richardson,* 65 Miss., 225, s.c., 3 South., 579; *Moore* v. *Crump,* 84 Miss., 612, s.c., 37 South., 109.

On the former trial this case was argued orally, before a special judge, sitting in the place of the chief justice, and two regular judges, but before the opinion was delivered the special judge retired, and the chief justice resumed his seat on the bench; and the opinion was read by the chief justice. It is respectfully submitted, that in view of the former decisions of this court, the only way in which a valid judgment could have been rendered, would have been either by the special judge and his associates, or the cause should have been remanded for reargument.

The amount allowed by the commissioner was excessive. Appellant was charged rent based on the maximum instead of the minimum value of the land for a period of over twenty years. Certainly this was inequitable, inasmuch as the evidence shows that during such times, the rents were fluctuating, being at one period much higher than at another, throughout the whole course of the year. Moreover, the appellant should have

had the right to hold, free of rent, his proportionate share of the land.

*S. A. Morrison,* and *McClurg, Gardner & Whittington,* for cross-appellant, Ida Phelan.

Cross-appellant, Mrs. Phelan, has not taken any side in this family litigation, has submitted to the partition of the land, and has accepted, without complaint, such share as was allotted to her. Not until the chancellor decreed that a solicitor's fee of $300 should be paid by her to the solicitor for the complainants, together with a large share of costs of court, did she think advisable to appeal. Neither she nor her counsel understand why she should be taxed with a solicitor's fee in a controverted case such as this. Her position is in some respects adversary to the complainants, *Walker* v. *Williams,* 84 Miss., 392, 36 South. Rep., 450.

*Gwin & Mounger,* for appellee.

This case has been pending for nearly ten years and, including the present appeal, has been before this appellate court four times. The first appeal was by the present appellant from an order overruling his demurrer to the original bill; the second was also an appeal by the present appellant from an order overruling one of his numerous demurrers, and was dismissed because prematurely taken. The third was from the decree adjudging title in appellees, and all of the pleadings now before the court were then before it. Surely there should be an end to litigation.

As to the adjudication of the title to the property, the decree, affirmed on last appeal, was a final and not an interlocutory decree. *Stebbins* v. *Niles,* 13 Smed. & M., 307. But whether or not such had been the case as concerned the lower court, we submit that, as regards matters in this court, the decision here was final, and cannot now be reversed, 2 Ency. Pl. & Pr., 373.

In support of the unusual contention that appellant has

been deprived of property without due process of law because the judgment of the court on the last appeal was rendered by Chief Justice WHITFIELD instead of by special Justice HARPER, learned counsel for appellant refers to "former decisions of this court," without specific citation of the same. We presume he refers to the cases of *Moss Point Lumber Co.* v. *Harrison County,* 89 Miss., 448, s.c., 44 South., 1047, and *Hall Commission Co.* v. *Crook,* 87 Miss., 445, s.c., 40 South., 1006, as the same were referred to on argument of the case in the court below. In the first of these two cases both the original hearing and the rehearing were before the regular judges. The second case is decisive of the question here raised, that the special judge could not have participated in the rendition of the judgment of the court. Hence, there is nothing in such contention in this case now on appeal.

It is submitted that there is sufficient evidence to uphold the finding of the commissioner, and decree of the lower court based thereon, as to the rent charged against appellant. Several witnesses, including the sheriff of the county, testified that $5 per acre would not be excessive rent for the property, and the commissioner so found.

As regards the contention of Ida Phelan, cross-appellant, the pleadings show that she was made a party defendant to the bill of complaint, that she declined to answer, and decree *pro confesso* was taken against her. We submit that as she is benefited by the partition she would be chargeable with her share of the costs and expenses of the partition.

Argued orally by *S. R. Coleman,* for appellant, and by *Samuel L. Gwin,* for appellee.

HARRIS, Special Judge,* delivered the opinion of the court. This litigation was begun in September, 1897, and this is

* WHITFIELD, C. J., being disqualified recused himself in this case and J. B. HARRIS, ESQ., a member of the supreme court bar, was appointed and commissioned to preside in his place.

its fourth appearance before this court. The esssential facts of the case, so far as they are necessary to be stated for a proper understanding of this opinion, are as follows: R. S. Bowles died intestate in 1878, owning two adjoining tracts of land in Leflore county; one tract containing eighty acres, and the other tract three hundred and twenty acres. He left surviving him as his heirs at law his widow, Mary Bowles, and five children, F. N. Bowles, P. B. Bowles, Pink Wood, Ida Phelan, and Julia Bowles. In 1873 a judgment was rendered against R. S. Bowles and Mary Bowles jointly in the circuit court of Grenada county for the sum of $468.78. After the death of R. S. Bowles—that is to say, in April, 1879 —execution on this judgment was issued and levied on the three-hundred-and-twenty-acre tract of land, and the same was advertised for sale. At the time, F. N. Bowles was thirty-three years of age; Pink Wood, nineteen years of age; P. B. Bowles, seventeen years, and Ida Phelan, thirteen years. The widow, Mary Bowles, after making repeated efforts to raise the money to pay off the judgment, applied to Jones & Son, of Grenada, to lend money on the lands sufficient to pay off the judgment, which Jones & Son agreed to do; but, finding that the title was not in Mrs. Bowles, Jones & Son agreed to buy in the land and hold the same, giving Mrs. Bowles the right to pay the debt at some future time. Under an arrangement between F. N. Bowles and his mother and the other heirs, F. N. Bowles took possession of all the land, including the eighty-acre tract, in 1881, for the purpose of working out the debt with the proceeds of the land. In 1886 Mrs. Bowles died intestate. In 1890 Julia Bowles died intestate; F. N. Bowles still being in possession of the land. In November, 1889, F. N. Bowles, still in occupancy of the land, paid with the proceeds arising therefrom the amount due Jones & Son, and took title to the three hundred and twenty acres of land in his own name. At the time the other heirs, his cotenants, were not living

in Leflore county. Mrs. Phelan was living in Grenada, P.
B. Bowles in Arkansas, and Mrs. Wood and Julia Bowles else-
where. None of them had any knowledge of the fact, at the
time or until 1893, that F. N. Bowles had taken the title to
this property in his own name. There seems to have been no
accounting between the parties, but F. N. Bowles remained
in occupation of the land from the time of his entry, receiv-
ing the income from the property and disposing of it at his
discretion.

In 1897, after it had been learned that F. N. Bowles was
claiming title in himself to the whole three hundred and
twenty acres of land, Mrs. Pink Wood filed her bill in the
chancery court of Leflore county, setting up the facts as above
set forth, and asking for a partition of the land and for an
accounting. F. N. Bowles and the other heirs at law were
made defendants to this bill. The bill was demurred to.
The demurrer was overruled, and appeal taken to this court,
and a decree was affirmed (23 South., 1014), and F. N. Bowles
required to answer. *Pro confessos* were taken against
Ida Phelan and P. B. Bowles. It appears that after F. N.
Bowles entered into possession of the land he acquired the in-
terest of Mrs. Phelan and P. B. Bowles in the eighty-acre
tract, so that at the time of the bringing of the suit he owned
a three-fourths interest in the eighty-acre tract and admits that
he held the eighty-acre tract as tenant in common with Mrs.
Wood. After the cause was remanded, F. N. Bowles an-
swered, and one D. L. Bain acquired the interest of P. B.
Bowles in the three-hundred-and-twenty acre tract and was
made a party to the suit; the *pro confesso* as to P. B. Bowles
being set aside. There were many amendments and excep-
tions, a good deal of proof taken, and a final decree rendered,
decreeing that F. N. Bowles held the land as tenant in com-
mon, and a partition of the land was ordered, and a commis-
sioner appointed to take an account between the parties as to
the rents and profits, etc. From this decree an appeal was

taken to this court, and the decree affirmed in April, 1906, without written opinion. A suggestion of error was filed and overruled, and the case was remanded for the accounting which was afterwards had; and F. N. Bowles again brings the case to this court.

. Through all the various pleadings and amendments had in the case, the consistent theory upon which the complainant's case relied was that F. N. Bowles, a tenant in common in possession of the lands, holding the same for common benefit, for the purpose of relieving it from debt, secretly acquired an outstanding title, which he was asserting against his cotenants. While Bowles controverts this fact, there was ample testimony to support the finding of the chancellor, and to maintain the complainant's case, and this finding of the chancellor, as stated above, was affirmed by this court. On this appeal the court is asked to reopen the case, to review its former decision and reverse the case on the merits.

The main contention of the counsel for appellant in his brief and in oral argument was that this was an attempt to establish an express trust by parol; that is to say, that it was incompetent to show by parol evidence the agreement by which Jones & Son held the title to the property under their purchase at the execution sale. But we think that on the real aspects of the case it is entirely immaterial as to how Jones & Son held the title. The case does not depend upon that fact. The true point for consideration was: Could F. N. Bowles acquire an outstanding title under the circumstances disclosed by the pleadings and the facts, and set it up as against his cotenants? The chancellor found, and his finding in this respect was affirmed by this court, that F. N. Bowles was occupying the land as a tenant in common at the time he acquired that outstanding title; that his cotenants were not aware of his having acquired this title, or of any intent upon his part to assert that title in himself adversely to them, until 1893; and that before the bar of the statute had attached the

original bill in this case was filed. We find no sufficient reason on this ground for reviewing the former decision.

It is very earnestly urged by counsel for the appellant, as an additional reason for the court now reviewing its former decision, that this case was on the former appeal argued orally before a special judge, sitting in the place of the chief justice, and two regular judges, and that before the opinion was delivered the special judge retired and the chief justice resumed his seat on the bench, and the opinion was read by the chief justice, and that therefore some right of the appellant had been invaded. We think this point of counsel entirely without merit. It is true that the chief justice did read the opinion, and it is true that the special judge had retired from the bench; but two of the regular judges who heard the oral argument concurred in the opinion read by the chief justice, and the decision was the decision of the court and binding on the parties. We have said this much in review of the case, because it was so earnestly urged by counsel for appellant that the former decision in this case was wrong, and should be reversed; but the court adheres to its former ruling.

The real question for consideration on this appeal arises on the decree of the chancellor in confirming the report of the commissioner who stated the account between the parties. We think on this branch of the case, and on this alone, the decree must be reversed on the direct appeal on one point. The court is of the opinion that the amount of rent allowed by the commissioner was excessive. F. N. Bowles was charged rent at the rate of $5 per acre on the cultivated land from 1881 down to the time of the rendition of the decree. We think the proof on this point is that a fair rental for these lands would be $4 per acre, instead of $5. F. N. Bowles testified that the land was hard to rent, and that $4 was the best he could get, never over $4.50; and he is corroborated on this point by Avant, who had rented the land for some years, who knew it well, and testified that the land was hard to

rent, that it was not well kept up, and that his land, which was very much better and in much better condition, brought only $5 to $6 per acre. It is also shown that throughout the time that F. N. Bowles was in possession rents were fluctuating, the value of land was much lower than to-day, and rent lower than it is to-day. Avant testified that for many years they were fully twenty-five per cent under what they are to-day, and we are therefore of the opinion that $4 per acre would be the proper rent for these lands, as an average for the whole time.

The case is here on appeal and cross-appeal. The cross-appeal is by Ida Phelan, one of the defendants below, and one of the cotenants. The chancellor found that Mrs. Phelan should pay a solicitor's fee of $300, together with her share of the costs, fee to go to the solicitors for the complainants; and from these parts of the decree of the chancellor Mrs. Phelan appeals. We think it is clearly error on the part of the chancellor to tax Mrs. Phelan with any solicitor's fee. This was a controverted case, and not a proper case, in our view, for taxing her with any solicitor's fee. Her position was really adversary to complainant. *Walker* v. *Williams,* 84 Miss., 392, 36 South., 450. She should, however, pay her proper costs, not including any of the cost for stating the account.

*For the reasons indicated, and for those only, and to that extent only, the decree of the chancellor is reversed, both on the direct and on the cross-appeal, and the case remanded, to be proceeded with in accordance with this opinion.*