WILLIAM C. GEORGE v. PINK WOOD.

[49 South. 147.]

1. JUDICIAL SALES. *Confirmation. Chancellor's power. Vacation.*

A chancellor is without power in vacation to confirm a judicial sale to which objection is made because of the inadequacy of the price bid for the property.

2. SAME. *Code* 1906, § 657.

The qualifying words, "where there is no contest," in Code 1906, § 657, authorizing the chancellor in vacation to confirm sales and partitions in kind, are applicable to reports of sales as well as to partitions.

3. SAME. *Inadequacy of price. Resale.*

Gross inadequacy of price warrants a refusal to confirm a judicial sale and an order directing a resale of the property.

4. SAME. *Reversal of decree after sale but before confirmation. Partition. Excessive charge on share.*

 Where, upon a nonsuspensive appeal, a partition decree charging the share of one of the cotenants with excessive rents and ordering it sold therefor was reversed by the supreme court because of the excess, confirmation of sale made thereunder, before the reversal, should thereafter be denied the purchaser and a resale· for the smaller sum found due be ordered.

5. STATUTORY CONSTRUCTION. *Amended statute.*

 An amended statute must be construed according to its plain and obvious meaning, viewed in its entirety.

FROM the chancery court of Leflore county.

HON. PERCY BELL, Chancellor.

Mrs. Wood, appellee, was complainant in the court below and one Bowles and others were defendants there. The case has been in the supreme court several times. See *Bowles v. Wood,* 90 Miss. 742, the opinion there reported showing that the case· was then upon its fourth appeal. See also *Wood v. Bowles,* 92 Miss. 843, 46 South. 414, another branch of the same case. The proceeding was one for partition of lands between cotenants and an accounting for rents. The facts are stated in the opinion of the court. George, the appellant, was the purchaser at the judicial sale, the confirmation of which was involved.

*Tim E. Cooper* and *Hallam & Cooper,* for appellants.

This record presents for decision three questions, first, the· power of the chancellor to confirm the sale to George, in vacation; second, the effect which the reversal of the decree by the supreme court had upon the rights of a *bona fide* purchaser at the commissioner's sale; third, the power of the chancellor to set aside his decree confirming the sale in vacation at the second term after such confirmation.

The only objections made by Bowles to the confirmation of the sale were, first, a lack of bidders; and second, inadequacy of price. It is not contended anywhere that the sale was not made in perfect good faith, or that fraud or mistake of any de-

scription had anything to do with the lack of bidders, or caused an inadequacy of price. Then, was the mere filing of the above objections such a "contest" as is contemplated by the statute? Evidently the learned chancellor did not think so. It is almost universally held that mere inadequacy of price, or a lack of bidders, unless caused by fraud or mistake, are not sufficient grounds for setting aside a judicial sale. The objections filed present no other grounds, and are on their face insufficient to warrant the setting aside of such sale. If this be true, then an objection on the ground of inadequacy of price and lack of bidders, if true, is not sufficient ground to warrant the chancellor in refusing to confirm the sale in vacation. The objections filed present no contest which the law recognizes.

To hold that any sort of objection to the confirmation of a judicial sale constitutes a contest within the meaning of the statute, would, it seems to us, be contrary to its purpose. A person then might object to the confirmation of a judicial sale on the ground that it would strip him of all his property, save his homestead, and leave him penniless, and the chancellor would be without power to confirm the sale in vacation. Certainly such a result was never contemplated. In this case it is not even shown by any sort of evidence that there was in fact a lack of bidders, or that the price realized at the sale was inadequate. But even if there had been proof of these facts, the court, under construction of the statute, would have been justified in refusing to hear the evidence; for if the alleged facts were proved, the sale must have been confirmed. The statute does not contemplate a mere protest, but refers to some legal objection which if proved would in law prevent confirmation.

In the absence of any showing of fraud or irregularity, mere inadequacy of price will not justify the court in setting aside a judicial sale. *Nix v. Draughon,* 56 Ark. 240, 19 S. W. 669; *Conway v. Johns,* 14 Colo. 30, 23 Pac. 170; *O'Callaghan v. O'Callaghan,* 91 Ill. 228; *Sowle v. Champion,* 16 Ind. 165; *Passmore v. Moore* (Ky.), 22 S. W. 325; *House v. Walker,* 4

Md. Ch. 62; *Wagner v. Phillips,* 51 Mo. 117; *Marlett v. War-wick,* 18 N. J. Eq. 108; *White v. Floyd* (S. C.), 1 Speers, Eq. 351; *Myers v. James,* 72 Tenn. (4 Lea), 370; *McKennon v. McGowan* (Sup.), 11 S. W. 532; *Harmon v. Copenhaven,* 89 Va. 836, 17 S. E. 482.

There is another question with reference to the construction of this statute which deserves mention. By reference to Laws 1900, p. 135, ch. 95, it will be seen that the law just prior to the adoption of the Code of 1906 provided that reports of sales or leases might be made to the chancellor, and by him confirmed in vacation, and this whether there was a contest or not. Nothing is said in the laws of 1900 about a contest, or about a report of confirmation of partition in kind. The legislature, in adopting the Code of 1906, incorporated into the Law of 1900 these words: "or of partition in kind, where there is no contest," so that section 657 of the Code of 1906, reads as follows:

"Reports of sales or leases or partition in kind, where there is no contest, may be made in vacation by the chancellor," and upon five days' notice confirmed, etc.

The court will observe that there is a comma after the words "partition in kind." The point we wish to urge is that the words in quotation, "or of partition in kind, where there is no contest" being an innovation in the law as it formerly stood, the word "contest" refers only to the reports of partitions in kind, and does not refer back to the words "report of sales or leases," and that the comma in section 657, Code 1906, is misplaced and should follow the word "leases" instead of the word "kind." The court will look to the intent of the legislature in construing statutes, and if the punctuation would seem to run counter to the evident intent of the statute the punctuation will be disregarded. Under the construction of the statute here contended for, the chancellor had power to confirm the sale of the commissioner in vacation, and this notwithstanding the objection to the confirmation filed by the appellee.

"In construing a statute, the intention of the legislature

should be followed wherever it can be discovered, although the construction seems contrary to the letter of the statute." *Griswold v. National Insurance Co.,* 3 Cow. 89; *Crocker v. Crane,* 21 Wend. 21, cited in *Eskridge v. McGruder,* 45 Miss. 294; *Fitzgerald v. Rees,* 67 Miss. 473, 7 South. 341; *Earhart v. State,* 67 Miss. 325, 7 South. 347.

*S. R. Coleman* and *McWillie & Thompson,* for appellees.

The pivotal point in this case seems to be whether or not the confirmation of the sale to W. C. George was void, for if it was void there can be no doubt about the authority of the court to disaffirm the sale on the reversal of the decree under which it was made. Until confirmation the sale is *in fieri* and under the control of the court, and when it is made apparent by the result of an appeal that the decree directing it was erroneous as for instance where the property was decreed to be sold and was in fact sold to pay $10,000 when only $100 was due, clearly a new sale should be ordered. Title does not pass in such cases until the sale is confirmed and a void confirmation gives the purchaser no rights, his subsequent payment of the purchase money being entirely voluntary and like the commissioner's conveyance to him, if one be made, wholly without effect.

Of course a decree of confirmation that the chancellor was without power to make is a nullity, and the record must in such case be treated as showing no confirmation whatever. 17 Am. & Eng. Ency. of Law (2d ed.), 989, 990; Brame & Alexander's Dig. Title, Judicial Sales, VI. Confirmation, p. 689. The pretended confirmation of the sale to appellant, George, was made by the chancellor in vacation under section 657, Code of 1906, which only authorized confirmation in vacation where there was no contest; but in this case there was a contest.

The appellant contends that under the section in question, which reads that "Reports of sales or leases or of partition in kind, where there is no contest," may be made and confirmed in vacation, only partitions in kind are affected by the qualifica-

tion as to the existence of a contest. This is a forced construction of the statute, against its terms, and against its punctuation. No reason whatever is suggested why there should be a different rule in the case of partitions in kind, and it is clear the legislature did not intend to make one.

The appellant also argues that because the formal objections in writing to confirmation were not, as he claims, meritorious, there was no contest at all. This position is clearly unsound. The primary meaning of the verb "to contest" is to make a subject of dispute, contention or litigation; to call in question, to controvert, to oppose, to dispute. It is further defined as meaning, to defend, as a suit or other judicial proceeding; to dispute or resist, as a claim, by course of law; to litigate. The noun "contest" denotes a contention, strife, struggle, litigation. 9 Cyc. 70, 7 Am. & Eng. Ency. of Law (2d ed.), 78. It has been held that a claim against an estate may be a "contested" one under the Georgia statute although the executor sees it to be beyond doubt as to its legality and one that no court would hold to be of doubtful obligation. *Maynard v. Cleveland,* 76 Ga. 71.

The statute was manifestly intended to give judisdiction to confirm in vacation only in those cases where the parties were satisfied with the sale or too indifferent to object. The very short notice provided for only five days before the hearing indicates this quite plainly, for in case of the trial of objections the parties would in nearly all instances require more time than five days for preparation, the getting up of their evidence.

But the appellant is mistaken even in the assumption that the objections filed were insufficient because inadequacy of price unaccompanied by fraud is no ground for withholding confirmation. Gross inadequacy is recognized by this court as raising a presumption of fraud, and the inadequacy mentioned in the formal objection is denominated gross inadequacy, the price paid being alleged to be only about one-half the value of the property. *Allen v. Martin,* 61 Miss. 78.

94 Miss.— 18

Undoubtedly the confirmation was contested. As soon as it became apparent to the chancellor that objection was made he should have suspended action on the motion until term time. By the mere fact of objection he was shorn of all power to act in vacation even so far as to inquire whether the grounds of objection were sufficient or insufficient.

The effect of the pendency of the appeal should not be lost sight of as the sale was not only confirmed in vacation without authority, but was also confirmed during the pendency of the former appear herein in which the decree of sale was reversed.

An appeal, though without *supersedeas,* operates as a transfer of jurisdiction and a chancery court can make no further order or decree in a case during the pendency of an appeal. The case is out of that court and in the supreme court until the appeal is disposed of. 2 Ency. Pl. & Pr. 327.

There is a great difference between a judicial sale under a final decree and a sale under execution. In the former case the sale is the act of the court and title does not vest by the act of the commissioner as it does by the act of the sheriff in selling under an execution. The court has nothing to do with a sale under execution from the time it awards judgment, everything else that is done being the work of a ministerial officer and it is good without further action of the court; but a judicial sale is of no validity and there is no vestiture of title until confirmation.

The appellant is relying not on a mere sale which like one under execution would be good without further action of the court but is relying on an affirmative act of the court, that of confirmation, which it had no right to make in cases of contest during vacation or pending an appeal to the supreme court.

We have no fault to find with the cases cited by opposing counsel as we feel entirely satisfied that the court will regard them with its usual discrimination and not confound a sale under a final decree which is the act of the court with a sale under execution which is the act of the officer. That the court is the real vendor in the former case has been declared by this court

in an elaborate opinion, the soundness of which has never been questioned. *Cocks v. Simmons,* 57 Miss. 183. We do not deem it necessary to add anything in answer to what has been said as to the proper construction of Code 1906, § 657. The section is perfectly plain in its meaning, and if the section as it now stands was the result of amendment of former statutes surely the legislature of 1906 had the power to amend, and incapacity to say what was intended cannot be imputed to the legislature.

There is a question back of all this, however. By Constitution 1890, section 159, jurisdiction over certain matters including controversies like the case before us is given to the chancery court but not to the chancellor. Can the legislature authorize the chancellor to assume the exercise of this jurisdiction in vacation so that his action will be final and independent of the express or tacit approval of the court in term time? The chancellor acting in vacation is not the chancery court.

Argued orally by *Tim E. Cooper,* for appellant and by *T. A. McWillie,* for appellee.

FLETCHER, J., delivered the opinion of the court.

In November, 1906, the chancery court of Leflore county entered a decree in the case of *Pink Wood v. F. N. Bowles, et al.,* confirming the report of certain commissioners previously appointed to *partite* the lands in controversy. By this decree a lien was fixed upon the share of F. N. Bowles on account of certain rent charges; the amount being calculated upon the basis of $5 per acre. The decree provided that Bowles' share should be sold to satisfy this lien unless the amount be paid within thirty day from the rendition of the decree. From this decree Bowles prosecuted an appeal, but without *supersedeas.* Pending the appeal, the commissioner appointed for that purpose advertised for sale the land allotted to Bowles, and at the sale William C. George, appellant, became the purchaser, paying $2,750 for the land. This sale was attempted to be con-

firmed in vacation, although Bowles had filed a protest against the confirmation, alleging that the price paid was grossly inadequate. Disregarding this protest, the chancellor in vacation confirmed the sale and directed the commissioner to make deed to the purchaser. Subsequent to all these proceedings, the supreme court reversed the decree appealed from, holding that the rentals should have been fixed at $4 per acre. *Bowles v. Wood,* 90 Miss. 742, 44 South. 169. After the filing of the mandate, and at the next succeeding term of the chancery court, all of the proceedings by which George became the purchaser were set aside, and another decree was entered fixing the charge upon the land of Bowles in accordance with the view of the supreme court and again directing a sale of the property allotted to Bowles in the event that this new and corrected amount was not promptly paid. From this decree George, the purchaser at the sale under the reversed decree, appeals.

Among other matters presented for decision is the meaning of section 657, of the Code of 1906, dealing with confirmations in vacation. That section is as follows:

"Reports of sales or leases, or of partition in kind, where there is no contest, may be made in vacation to the chancellor, and upon five days' notice to the parties and the purchaser or lessee of the time and place of hearing the application therefor, or upon such publication for any of the interested parties who may be nonresidents of this state, or who cannot be found upon diligent inquiry, as is required for nonresident or absent defendants in chancery, may be confirmed by him."

It is insisted on behalf of the appellant that the qualifying words, "where there is no contest," modify alone the phrase next immediately preceding them, and have no reference to reports of sales. The argument is based largely upon the fact that the words "or of partition in kind, where there is no contest" were inserted by the legislature of 1906, thus amending the law as it stood prior to that time; that, since these words came into the statute together as an amendment to existing law, they should be

construed together as introducing a new form of vacation business with a modification applicable alone to this new form. We
cannot accept this view. The argument is not without force;
but we must look at the statute as it stands after amendment,
and construe it according to its plain and obvious meaning, considering the whole statute according to the natural signification
of the words in the order of grammatical arrangement in which
they are placed. So looking at this statute, we think the court
was without power to confirm this sale in vacation, since one
party in interest had filed a protest against the confirmation.

It is said, however, that the contest must be a real one, one
which presents some substantial reason why the sale should not
be confirmed, and that the protest filed in this case is frivolous,
and not such a contest as the statute contemplates. But the
protest alleges a gross inadequacy of price, and this charge, if
sustained by proof, would furnish ground for the chancellor, in
the exercise of a sound discretion, to order a resale. We cannot
hold that a *bona fide* contest, within the meaning of the statute,
was not presented by this protest.

Finally, it is earnestly argued that, conceding that the chancery court was without power to confirm in vacation, yet that the
purchaser has acquired certain rights by the fact of his being a
purchaser, and that he is entitled to have the sale confirmed at
the next succeeding term of court, and that to deny him this
right is an abuse of judicial discretion. But this contention ignores the effect on the matter of the fact of reversal. The original decree appealed from fixed as a lien upon the land an amount
which was afterwards adjudged to be excessive. It was the
privilege of Bowles to prevent a sale of the land by paying off
and discharging this lien. True, he chose neither to pay the
amount nor to supersede the decree. He permitted the land to
sell; but, before this sale was lawfully confirmed, he secured an
adjudication that the amount of the lien was excessive, and that
a sum substantially less was the true amount which Bowles
should have been required to pay. When the whole case came

again before the chancery court, all the proceedings being *in fieri,* it was manifestly the just and equitable course to pursue that Bowles should have the opportunity to save his property from sale by paying off the amount of the lien, which had been substantially diminished by the action of the supreme court. Whether the sale was proper in the first instance, in the light of the fact that an appeal had been taken, is not presented for decision. We are dealing with the particular facts of this case. Here, before the rights of the purchaser had become final by confirmation, it was judicially ascertained that an injustice had been done Bowles in fixing the amount which he was required to pay. In this attitude of the matter, we think it was proper for the court to rescind its former action, that the owner of the land might suffer no injustice.

*Affirmed and remanded.*