CULLEY v. RHODES.

[86 South. 136, No.. 21326.]

1. WILLS. *Prime object of construction is to determine intent; devise to wife and children for support and education held in fee simple.*

In the construction of a clause in a will the prime object is to determine the true intention of the testator, and where one of the provisions of a will is "Jackson Homestead to wife and her four children for support and education," *held*, that this provision, when taken with the whole will, manifests the intention of the testator to vest in the wife and four minor children the fee-simple title, without limitation upon the power of sale.

2. INFANTS. *Return of process showing service on infant and on mother and guardian sufficient.*

A return on process showing that it has been served on a minor defendant by delivering to him, a true copy of the writ, and also by delivering a true copy of the writ to the mother and guardian of the minor, complies with the requirements of section 3929, Code of 1906 (Hemingway's Code, section 2936), providing that

process on an infant defendant shall be served on him personally and upon his father, mother, or guardian, if he have any in the state.

3. Judicial Sales. *Partition. Cannot be confirmed in vacation when bona-fide protest filed; objections held to prevent confirmation, though based on matters adjudicated by decree for sale.*

A chancellor is without power to confirm in vacation a judicial sale, where a *bona-fide* protest against the confirmation is filed by one of the parties in interest.

Appeal from chancery court of Hinds county.

Hon. L. F. Easterling, Chancellor.

Suit by Mrs. Cora E. Rhodes against Myrtle Rhodes and others. From a decree confirming a commissioner's report of sale, Percy Culley, guardian *ad litem* of the minor defendants, appeals. Reversed and remanded.

*Green & Green,* for appellant.

No Right to Confirmation in Vacation. The general rule is that all judicial business should be transacted by a court in term time, and that such business can be transacted in vacation only where there is some warrant therefor. 15 C. J. 899, citing *Hubour* v. *R. R. Co.,* 96 Miss. 340; *Wingate* v. *Wallace,* 13 Miss. 249.

"The sole statutory authority for departure therefrom in Mississippi is section 657, Code 1906, providing: Sales or leases may be reported and confirmed in vacation (Laws 1900, ch. 92). Reports of sales or leases or of partition in kind, where there is no contest, may be made in vacation to the chancellor, and upon five days' notice to the parties and the purchaser or lessee of the time and place of hearing the application therefor, or upon such publication for any of the interested parties who may be non-residents of this state, or who cannot be found upon diligent inquiry, as is required for non-resident or absent defendants in chancery, may be confirmed by him."

But by the answer of the guardian *ad litem* it appears that a *bona-fide* contest has been instituted and is being carried on. Hence this court in vacation was, therefore, without jurisdiction. *George* v. *Wood*, 94 Miss. 271. Was the estate granted by this will subject to partition? The provisions of this will are rather unique. It is the product of one unskilled in the law and the pertinent portions appear thus:

"Jackson homestead to wife and her four children shall go to my wife and her four children for support and education. Mary to have a support so long as she remains single, so likewise the other minor children and wife. Wife shall have the right to lease or rent the real estate of the minor children so long as she remains unmarried and the proceeds used in support of herself and my minor children, the proceeds to them till of age as also the property as stated."

In the construction of an instrument of this character fundamentally the testator's intention is the sole criterion or appropriate adjudication.

First: Mary has married and is thereby eliminated. Now a trust may be raised for support and education but was it the intention of the testator to render absolutely inalienable the property until the minor children had reached majority?

With deference, the declaration: "The proceeds to them till of age, as also the property as stated, indicates a fixed determination of vesting in these parties the fee simple title, irrespective of any idea that might be raised up with reference to a trust.

We can perceive no reason why a trust for support and education is to be created destructive of the right of alienation, which is primarily the most important element of property. We consider this will as vesting perfect legal title in the tenants in common with a right in the mother during minority to lease the respective interests of her children, but the right to lease does not extend beyond majority; nor can it be in any way utilized to defeat the

object of the testator.  We cannot see any implication of a trust in this will which would defeat the right of partition.

.We respectfully submit the service was insufficient.  It appears that the process was issued, and the return is: "I have this day executed the within writ personally on the within named defendants, to-wit: Myrtle Rhodes, Elizabeth Rhodes, Edna Rhodes, and A. L. D. Rhodes, Jr., all of whom are minors, by delivering to each of them a true copy of this writ, and further executed by delivering a true copy of this writ to Mrs. Cora E. Rhodes, for each of the above named minors, as the mother and guardian of said minors, this the 19th day of December, 1919."

It appears that the complainant is Mrs. Cora E. Rhodes, and the defendants Myrtle Rhodes, Elizabeth Rhodes and A. L. D. Rhodes, Jr.  It further appears that they are minors and that A. L. D. Rhodes was the father of these children and Mrs. Cora E. Rhodes, his wife.  There is no averment as to who, if any one, is the guardian of said minors, and it appears that Mrs. Cora E. Rhodes is adversely interested, being, in fact, the complainant in said cause.

We, therefore, submit under the statute that it must affirmatively appear that there was no guardian.

*E. W. Patrick,* for appellees.

Right to Confirmation in Vacation:  The statement of the general rule is: "That all judicial business should be transacted by a court in term time, and that such business can be transacted in vacation only when there is some warrant therefor."  15 C. J. 899, citing *Autour* v. *R. R. Co.,* 96 Miss. 340; *Wingate* v. *Wallace,* 13 Miss. 249.

The statutory authority for confirmation in vacation in this case is: Miss. Code 1906, sec. 657; Hemingway's Code, section 419, providing: "Sales or leases may be reported and confirmed in vacation (Laws 1900, ch. 92).  Report of sales or leases, of or partition in kind where there is no

contest may be made in vacation to the chancellor and upon five days' notice to the parties and the purchaser or lessee of the time and place of hearing the application therefor, or upon such publication for any of the interested parties who may be nonresidents of this state or who cannot be found upon diligent inquiry, as is required for nonresidents or absent defendants in chancery, may be confirmed by him."

It is contended by counsel for appellant that a *bona-fide* contest has been instituted by the petition filed by Percy Culley, guardian, *ad litem,* in behalf of the minors, defendants, and that the court below had no jurisdiction to confirm the sale in vacation and in support of which they cite *George* v. *Wood,* 94 Miss. 276.

We submit that the case under the above authority was proper because the contest as raised in that case was a contest of the sale. In the case at bar in which the court is now asked to pass upon the contest as made by Percy Culley, guardian, *ad litem,* on and in behalf of the minor defendants is not a *bona-fide* contest because the objection raised in said petition are *res adjudicata* by the decrees of the court in this case dated January 6, 1920, and January 27, 1920, which recites:

(1) That the complainant and respondents, namely, Myrtle Rhodes, Elizabeth Rhodes, Edna Rhodes and A. L. D. Rhodes, Jr., are all tenants in common with an estate in possession to the property described.

(2) That the described property is unsusceptible to partition in kind and that it is to the best interest of all parties concerned that the said property be sold and the proceeds divided one-fifth to the complainant and one-fifth respectively to each of the four respondents."

The objections as above recited to the confirmation of the sale are that they are not tenants in common and that the will probated and recorded is not valid, because it was altered as will more fully appear by reference to exhibit "A" to the petition of objections, these objections had been previously adjudicated by the court and were not

*bona-fide* objections to the sale. In the case of *George* v. *Wood,* 94 Miss. 276, the objection was made that there was a gross inadequacy of price which we submit was a proper objection to the confirmation of a sale. Anything that would vitiate the sale such as fraud in making the sale, failure of giving the proper advertisement of sale under the law and decree of the court, and gross inadequacy of price, and any other such matter as would vitiate the sale would be a *bona-fide* objection to the confirmation of a sale.

The decree of the court dated January 6, 1920, in this case is conclusive as to such interest as between the parties and their privies, although the decree is never executed by a valid sale. Note *Alsobrook* v. *Eggleston,* 69 Miss. 833, 13 So. 850, where it is declared: "The effect of the decree made upon the petition of Payne against the heirs of Alsobrook for sale of the lands for partition was, to conclusively settle the equitable right of Alsobrook's heirs to one-half of the lands therein described. There was no lawful execution by Davidson, the commissioner appointed to make the sale."

In the case above cited, *Alsobrook* v. *Eggleston,* 69 Miss. 833, the sale of the property was never made, and the court held that the decree which declared the interest of Alsobrook's heirs was conclusive. And under this authority we submit that the decree dated January 6, 1920, in this case and decree of January 27, 1920, was conclusive as to such interest as between the parties Mrs. Cora E. Rhodes, complainant, and the four minor children, defendants, and that the objections filed on confirmation are not *bona-fide* objections to the sale as they do not touch the sale of the property, but present objections that should have been raised on an appeal from the decree dated January 6, 1920, to this court, and which are by the said decree, *res adjudicata.*

The estate granted by this will is subject to partition. This case was primarily appealed to the supreme court because of the unskillful manner in which the testator,

A. L. D: Rhodes, wrote his will a copy of which, with proofs of the same are exhibited in Tr. 39-41-42-43. The partition of said will under which this property is asked to be partitioned recites thus:

"Jackson homestead to wife and her four children, shall go to my wife and her four children for support and education. Mary to have the support so long as she remains single, so likewise the other minor children and wife. Wife shall have the right to lease or rent the real estate of the minor children so long as she remain unmarried and the proceeds to them till of age as also the property as stated."

The essential thing in construing an instrument of this kind is to endeavor to find out what the intention of the testator was. By the express terms of the will "Jackson homestead to wife and her four children, shall go to my wife and her four children for support and education. Mary to have support so long as she remains single, so likewise the other minor children and wife." Mary has married and from the intention of the testator her interest is hereby eliminated.

If a trust be raised by said will for support and education, was it the intention of the testator, by imposing said trust to render the property inalienable until the minors reached majority? The statement, "the proceeds to them till of age as also the property stated" shows the intention of the testator to vest a fee simple title in the interest of the children to their part of the estate. The most important thing to real property is the power to alienate and transfer it to another and we cannot see why this was in any way abridged because it was left for their support and education. Evidently the statement Jackson homestead to my wife and her four children, "vests them with an interest as tenant in common and the purpose for which it was to be used would not in any way create a trust so as to make it inalienable."

If it created a trust there is certainly no limitation upon the sale of the property. Counsel for appellant contend that the service on minors was insufficient. It appears

that the process was issued and a return made as follows: "I have this day executed the within writ personally on the within named defendants, to-wit: Myrtle Rhodes, Elizabeth Rhodes, Edna Rhodes and A. L. D. Rhodes, Jr., all of whom are minors by delivering to each of them a copy of this writ, and further executed by delivering a true copy of the writ to Mrs. Cora E. Rhodes for each of the above named minors as the mother and guardian of said minors, this the 19th day of December, 1919."

Mrs. Cora E. Rhodes is the mother of the four minor defendants. It appears that the minors are the children of A. L. D. Rhodes, deceased. Counsel contends that there is no averment anywhere as to who is the guardian of said minors. We admit that there is no averment as to who is the guardian of said minors but the statute does not require an allegation who is the guardian of the minors, provided the service is made on the minor and upon his father or mother. Miss. Code 1906, section 3929, Hemingway Code, section 2936, thus:

"Service when defendant is an infant or an infant is co-defendant. If the defendant be an unmarried infant the process shall be served upon him personally and upon his father or mother or guardian, if he have any in this state but if he be married, process may be served as on an adult."

The writ shows that the service or process was served personally on each of the minors and a copy each was served on their mother. We submit that the statute was complied with and that they were properly in court and that the court had authority and jurisdiction over the minors. As affirmatively shown from the returns of the sheriff that the process was executed personally on the defendants, to-wit: Myrtle Rhodes, Elizabeth Rhodes, Edna Rhodes, and A. L. D. Rhodes, Jr., all of whom are minors by delivering to each of them a true copy of this writ and further executed by delivering a true copy of this writ to Mrs. Cora E. Rhodes for each of the above named minors as the mother and guardian of said minors.

W. H. COOK, J., delivered the opinion of the court.

Mrs. Cora E. Rhodes, appellee, filed a bill in the chancery court of Hinds county against Myrtle Rhodes, Elizabeth Rhodes, Edna Rhodes, and A. L. D. Rhodes, Jr., her minor children, seeking a sale for partition of certain real estate, and from the decree confirming the commissioner's report of sale Percy Culley, guardian *ad litem* of the minor defendants, prosecutes this appeal.

The bill filed by appellee alleges, in substance, that on the 1st day of January, 1918, A. L. D. Rhodes, a resident of Jackson, Miss., died testate and his will was afterwards duly admitted to probate in the chancery court of Hinds county; that at the time of the death of the said Rhodes he was the owner in fee simple of a particularly described residence and lot in the city of Jackson, and that under the terms of said will the fee-simple title to said property passed to appellee and the minor defendants as tenants in common, and that they were the owners of said property in fee simple, each of them owning an undivided one-fifth interest therein; that complainant, appellee, expected to move away from Jackson, and if the property should be rented it would not return an adequate income after payment of taxes, insurance, and repairs; that the property is not susceptible of partition in kind; that the complainant is without funds to give said minor defendants the proper educational advantages; and that it is for the best interest of all the parties that a sale be made in order that the funds may be utilized in the education of the defendants.

Upon the filing of the bill process was issued for the minor defendants, which was returned executed thus:

"I have this day executed the within writ personally on the within-named defendants, to-wit, Myrtle Rhodes, Elizabeth Rhodes, Edna Rhodes, and A. L. D. Rhodes, Jr., all of whom are minors, by delivering to each of them a true copy of this writ, and further executed by delivering a true copy of this writ to Mrs. Cora E. Rhodes, for each of

the above-named minors, as the mother and guardian of said minors. This the 19th day of December, 1919."

At the January, 1920, term of court, and on the 6th day of January, a decree was made adjudicating that complainant and respondents were tenants in common of the property and decreeing a sale thereof, and appointing a commissioner to make the sale upon terms and notice therein fixed, and directing the commissioner to sell said property on January 17th, and to report the sale to the court on the 18th day of January. Thereafter during the term of court, and on the 27th day of January, the commissioner filed a report of the sale, which set forth that the property had been advertised and offered for sale in accordance with the terms of the decree of the court, and that the same had been struck off to the highest and best bidder, but the terms of the sale had not been complied with and the purchase money had not been paid, and praying that a resale of said property be ordered.

Thereupon appellee, complainant, filed a petition reciting the former decree of the court ordering a sale for the property, and praying for the appointment of a guardian *ad litem* to protect the interest of said minors upon the sale and confirmation thereof, and a decree was made appointing the appellant as such guardian *ad litem*. On the same day complainant filed a petition for a resale of the property against the said minors and the guardian *ad litem*. This petition set forth the former decree, the appointment of the commissioner, the former sale and the report of the proceedings thereunder, and prayed for a resale of the property and also for process for respondents. No additional process was issued, but the guardian *ad litem* appeared and filed an answer admitting the former decree and proceedings thereunder, and admitting that a resale should be ordered to be reported in vacation. Thereupon, on January 27th, there was a further decree and order of resale directing that the property be sold on the 7th day of February, after giving ten days' notice of the time, terms, and place of sale, appointing a commission to

make the sale, and further providing for a confirmation of such sale on the 9th day of February, in vacation, in the following language:

"It is further ordered that said complainant and said defendants shall take notice that on the said 9th day of February, 1920, a motion to confirm the report of said commissioner and to ratify and approve the sale of said property will be heard by the chancellor in vacation at the courthouse of said county in the city of Jackson, and that said complainant and said defendants are hereby required to appear then and there to show cause, if any they can, at the last-mentioned time and place, why said sale should not be confirmed."

The commissioner at once advertised the sale to be held on the 7th day of February, as provided in the decree, and upon the 9th day of February he filed a report thereof. The guardian *ad litem* appeared and filed objections to the confirmation of this report upon two grounds: First, that under the terms of the will of the said A. L. D. Rhodes, deceased, the said minors were the sole owners of said property and the complainant was not a tenant in common with said minors; that the property is held in trust by the complainant and that there is a limitation on the sale of said property until the minors reach majority, and that proper notice of the motion for confirmation had not been given; second, that the will filed for probate and recorded had been altered and was therefore invalid. A copy of the will was filed as an exhibit to the petition and objections of the guardian *ad litem*.

Thereupon the court entered a decree confirming the sale, which recites in part:

"All parties being in court and the guardian *ad litem* having filed petition and specifications of objections, and the court, after hearing his petition and specifications of the objection thereto, is of the opinion that the said property brought a fair price and that said sale should be confirmed."

This decree thereupon confirmed the report of sale and provided that the purchaser should not pay over the purchase price until the case could be appealed to the supreme court for the purpose of settling the interests of the parties concerned.

That portion of the will in question under which complainant claims title to an interest in this property as tenant in common with her minor children, and which we are called upon to construe, is as follows:

"Jackson Homestead to wife and her four children shall go to my wife and her four children for support and education. Mary to have a support so long as she remains single, so likewise the other minor children and wife. Wife shall have the right to lease or rent the real estate of the minor children so long as she remains unmarried, and the proceeds used in support of hers' and my minor child-dren, the proceeds to them till of age as also the property as stated."

The prime object to be sought in construing this will is to determine the true intention of the testator, and while the entire document is unskillfully drawn and the language thereof is involved and confusing, we think the intention of the testator in reference to the "Jackson Homestead" is reasonably clear when the whole will is taken together. It was manifestly the purpose and intention of testator that this homestead should descend to his wife and minor children for the purpose of providing in some measure for their support and for the education of his minor children, and we do not think it was intended to create a trust destructive of the right of alienation. This property, from its very nature, will rapidly deteriorate in value; the house is in a bad state of repair; the beneficiaries are without means to make these repairs; the rents are insufficient to maintain the property and to provide anything for support or education of the minors; and if this provision of the will is so construed as to defeat the power of alienation the manifest purpose and intention of the testator will probably be entirely defeated.

That construction of this provision should be adopted which will carry out the clearly expressed intention of the testator, and we conclude that the provision "Jackson Homestead to my wife and her four children" vests them with a fee-simple title as tenants in common, and that there is no limitation upon the power of sale of the property.

It is next assigned as error that the summons for the minor defendants was improperly served and the return thereon is insufficient to predicate jurisdiction of the minors. There is no merit in this contention. The process was executed by delivering to each of the minors a true copy thereof and further by delivering a true copy to Mrs. Cora E. Rhodes for each of said minors as the mother and guardian of said minors. This was an exact compliance with section 3929, Code of 1906 (section 2936, Hemingway's Code), providing how summons shall be served upon minor defendants, and the service was sufficient.

It is next insisted that there was no right of confirmation of this sale in vacation, for the reason that the court was without authority to fix by the decree a time for confirmation in vacation without complying with the statute requiring the service of process, and for the further reason that there was filed a *bona-fide* contest of the confirmation.

The statutory authority for confirmation of reports of sale made in vacation to the chancellor is found in section 657, Code of 1906 (section 419, Hemingway's Code), providing:

"Reports of sales or leases or of partition in kind, where there is no contest, may be made in vacation to the chancellor, and upon five days' notice to the parties and the purchaser or lessee of the time and place of hearing the application thereof, or upon such publication for any of the interested parties who may be nonresidents of this state, or who cannot be found upon diligent inquiry, as is

required for nonresident or absent defendants in chancery, may be confirmed by him."

In the case of *George* v. *Wood,* 94 Miss. 268, 49 So. 147, this section was before the court for construction, and there the court, speaking through Justice FLETCHER, said:

"We think the court was without power to confirm this sale in vacation, since one party in interest had filed a protest against the confirmation. It is said, however, that the contest must be a real one, one which presents some substantial reason why the sale should not be confirmed, and that the protest filed in this case is frivolous, and not such a contest as the statute contemplates. But the protest alleges a gross inadequacy of price, and this charge, if sustained by proof, would furnish ground for the chancellor, in the exercise of a sound discretion, to order a resale. We cannot hold that a *bona-fide* contest, within the meaning of the statute, was not presented by this protest."

It is likewise insisted here that the contest filed by the guardian *ad litem* was not such a contest as the statute contemplates, for the reason that the question raised by the contest had been adjudicated in the original decree ordering the sale. Since the interests of minor defendants are here involved, we cannot assent to this view. It was the duty of this guardian to protect the interest of the minors at each step of the proceedings, and the proper determination of the respective rights of the parties to the property sold was of great importance to them. Its importance is admitted by the statement in the brief of counsel for appellee that this case has been brought to this court principally for the purpose of securing a decision of the very question raised by the guardian *ad litem* in this contest. The very basis of complainant's title to an interest in this property is attacked in this contest, and while it is true that the original decree directing the sale of the property adjudicated that complainant was the owner of an undivided one-fifth interest therein, this decree directing the sale of said property for partition is interlocutory (*Gilleylen* v. *Martin,* 73 Miss. 701, 19 So. 482), and "interlocutory

orders and decrees made by the court in a suit for partition are under the absolute control of the court, and at any time before the final decision may be modified and reversed" (*Sweatman* v. *Dean*, 86 Miss. 646, 38 So. 232).

We cannot say that this contest which raised the question of complainant's rights and interest in the property was not a *bona-fide* contest within the meaning of the statute, and therefore, since this protest was filed on behalf of these minor defendants, we think the court was without power to confirm this sale in vacation.

The confirmation of the sale is further attacked upon the ground that the decree of the court fixing a time in vacation for confirmation was not a compliance with section 657, Code of 1906 (section 419, Hemingway's Code), providing for five days' notice to the parties and the purchaser of the time and place of hearing the application for confirmation, and especially where, as in the instant case, only two days after the date of the sale is allowed. This raises a serious question and one which is not free from difficulty, but since this case must be reversed for the error already discussed, it is unnecessary to decide this question in disposing of this case, and we expressly pretermit a decision of this question until it may be squarely presented and fully argued.

We do not think there is merit in any of the other assignments of error, but for the error herein indicated the decree confirming the report of sale is reversed and the cause remanded to be proceeded with in term time.

*Reversed and remanded.*